UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREG KREMPASKY, Individually and on behalf of Others Similarly Situated, Plaintiff, | Case No. 4:22-cv-2800 |
| v. | JURY TRIAL DEMANDED |
| CONOCOPHILLIPS COMPANY, Defendant. | CLASS & COLLECTIVE ACTION |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

1. Plaintiff Greg Krempasky (Krempasky) brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA) and the Alaska Wage and Hour Act (AWHA) (Alaska Stat. § 23.10.060; 8 AAC 15.102, *et seq.*) against Defendant ConocoPhillips Company (ConocoPhillips).

2. Krempasky, and other similarly situated workers like him, regularly worked over 40 hours each week for ConocoPhillips without overtime compensation.

3. Instead of paying overtime as required by the FLSA and AWHA, Krempasky and other similarly situated Inspectors for ConocoPhillips were paid a daily rate with no overtime pay.

4. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. This Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

7. This Court has personal jurisdiction over Defendant because Defendant is a resident

entity of this District and is subject to the court's personal jurisdiction with respect to the civil action in question.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant maintains its corporate residence in this District.

9. Specifically, Defendant ConocoPhillips is headquartered in Houston, Texas, in this District and Division.

## THE PARTIES

10. Krempasky is an individual who performed work for ConocoPhillips as an Inspector from approximately February 2020 until June 2021. Throughout his tenure, he was paid a day-rate with no overtime compensation. His consent to be a party plaintiff is attached as Exhibit A.

11. Krempasky brings this action on behalf of himself and all other similarly situated workers paid by ConocoPhillips's day-rate system. Each of these Inspectors (also known as environment, health, and safety consultants) were paid a flat amount for each day worked for ConocoPhillips with no overtime for hours they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated workers consists of:

> **All Inspectors employed by or performing work on behalf of ConocoPhillips and paid a day-rate without overtime pay during the past three years** (FLSA Class Members).

12. Plaintiff also brings this action on behalf of himself and all other members who worked in Alaska (Alaska Class Members) as defined below:

> **All Inspectors employed by or performing work on behalf of ConocoPhillips in Alaska and paid a day-rate without overtime pay during the past three years** (FLSA Class Members).

13. Collectively, the FLSA and Alaska Class Members are collectively referred to as the Putative Class Members.

14. Defendant ConocoPhillips is a Texas corporation and may be served with process by

serving its registered agent: United States Corporation Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.[1]

## COVERAGE UNDER THE FLSA

15. For at least the past three years, ConocoPhillips has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. For at least the past three years, ConocoPhillips has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. For at least the past three years, ConocoPhillips has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

18. For at least the past three years, Krempasky and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

19. ConocoPhillips treated Krempasky and all its Inspectors as employees and uniformly dictated the pay practices to which Krempasky and the Putative Class Members were subjected.

20. Any potential classification by ConocoPhillips of Krempasky as an independent contractor does not alter its status as an employer under the FLSA.

---

[1] *See* www.conocophillips.com ("ConocoPhillips is an independent exploration and production (E&P) company headquartered in Houston, Texas.") (last visited July 19, 2022).

**FACTS**

21. ConocoPhillips is an oil and natural gas exploration and production company operating worldwide and throughout the United States. In order to provide services to many of its customers, ConocoPhillips hires Inspectors like Krempasky to perform work that is necessary, integral, and indispensable as to Defendant's business objectives.

22. Over the past three years, ConocoPhillips employed dozens of individuals – including Krempasky – as Inspectors or environment, health, and safety (EHS) workers in several states.

23. These workers are subjected to the same or similar illegal pay practices for the same work. Specifically, the Putative Class Members were paid a day-rate while performing safety work on behalf of ConocoPhillips, regardless of the number of hours that they worked that day (or in that workweek) without overtime pay.

24. For example, Krempasky worked for ConocoPhillips as an Inspector in Alaska from approximately February 2020 until June 2021.

25. Throughout his tenure, Krempasky was paid on a day-rate basis.

26. As an Inspector, Krempasky's primary job duties required him to ensure all work performed at Defendant's jobsites followed Defendant's safety requirements and OSHA regulations.

27. Krempasky regularly worked in excess of 40 hours each week while employed by ConocoPhillips.

28. Krempasky typically worked more than 12 hours a day and 84 hours a week.

29. The work Krempasky performed was an essential part of ConocoPhillips's core business.

30. During Krempasky's employment, ConocoPhillips exercised control over all aspects of his job, including the manner and method of his work.

31. ConocoPhillips did not require any substantial investment by Krempasky for him to perform the safety work required of him.

32. ConocoPhillips determined Krempasky's opportunity for profit and loss.

33. Indeed, ConocoPhillips controlled all the significant or meaningful aspects of the job duties performed by Krempasky.

34. ConocoPhillips dictated the hours and locations Krempasky worked, tools used, and rates of pay received.

35. ConocoPhillips controlled all aspects of Krempasky's job activities by enforcing mandatory compliance with ConocoPhillips's policies and procedures.

36. No real investment was required of Krempasky to perform his job.

37. Krempasky worked on ConocoPhillips's job location, ConocoPhillips controlled the job site and the operations taking place.

38. These workers ensure the safe production and work at ConocoPhillips.

39. Krempasky did not provide the equipment he worked with on a daily basis.

40. ConocoPhillips made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Krempasky worked.

41. Krempasky did not incur operating expenses like rent, payroll, and marketing.

42. Krempasky was economically dependent on ConocoPhillips during his employment.

43. ConocoPhillips set Krempasky's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for ConocoPhillips.

44. ConocoPhillips directly determined Krempasky's opportunity for profit and loss. Krempasky's earning opportunity was based on the number of days ConocoPhillips scheduled him to work.

45. The daily and weekly activities of Krempasky and the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by ConocoPhillips.

46. Virtually every job function was pre-determined by ConocoPhillips, including the forms to use at a job site, the reports to compile, the schedule of work, and safety guidelines to follow.

47. Krempasky and the Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters.

48. Krempasky and the Putative Class Members did not have any supervisory or management duties.

49. For the purposes of an FLSA overtime claim, Krempasky and the Putative Class Members performed substantially similar safety job duties related to servicing oil and gas operations on ConocoPhillips' sites.

50. Krempasky and the Putative Class Members were not employed by ConocoPhillips on a project-by-project basis.

51. In fact, Krempasky was regularly on call for ConocoPhillips and was expected to drop everything and work whenever ConocoPhillips needed.

52. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members all worked in excess of 40 hours each week and were often scheduled for 12-hour shifts for 2 or more weeks at a time.

53. Instead of paying them overtime, ConocoPhillips paid Krempasky and the Putative Class Members a day-rate. ConocoPhillips denied the Putative Class Members overtime for any hours worked in excess of 40 hours in a single workweek.

54. ConocoPhillips's policy of failing to pay its Inspectors, including Krempasky, overtime violates the FLSA because these workers are, for all purposes, employees.

55. Krempasky and the Putative Class Members were not guaranteed a salary under the FLSA. See Hewitt v. Helix Energy Sols. Grp., Inc., No. 19-20023, 2021 WL 4099598, at *3 (5th Cir. Sept. 9, 2021).

56. Since Krempasky and the Putative Class Members were not guaranteed a salary, they were non-exempt employees who are owed unpaid overtime.

57. Krempasky and ConocoPhillips's other Inspectors should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

58. Despite knowing the FLSA's requirements, ConocoPhillips failed to pay Krempasky and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

**FLSA VIOLATIONS**

59. Krempasky incorporates the preceding paragraphs by reference.

60. As set forth herein, ConocoPhillips violated the FLSA by failing to pay Krempasky and the Putative Class Members overtime at 1 and ½ times their regular rate of pay, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

61. ConocoPhillips knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. ConocoPhillips's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

62. Accordingly, Krempasky and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

**AWHA VIOLATIONS**

63. The conduct alleged in this Complaint violates the Alaska Minimum Wage Act (AWHA).

64. ConocoPhillips was and is an "employer" within the meaning of the AWHA.

65. At all relevant times, ConocoPhillips employed each member of the Alaska Class as an "employee" within the meaning of the AWHA.

66. The AWHA requires an employer like ConocoPhillips to pay overtime to all non-exempt employees.

67. Alaska law also requires an employer like ConocoPhillips to notify each "employee in writing at the time of hiring of the day and place of payment, and the rate of pay, and of any change with respect to these items on the payday before the time of change." Alaska Stat. Ann. § 23.05.160.

68. The members of the FLSA Class employed in Alaska were and are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

69. Within the applicable limitations period, ConocoPhillips had a policy and practice of failing to pay overtime pay to the Alaska Class members for their hours worked in excess of 8 hours in a day. Alaska Stat. Ann. § 23.10.060.

70. Within the applicable limitations period, ConocoPhillips had a policy and practice of failing to pay overtime pay to the Alaska Class members for their hours worked in excess of 40 hours per week.

71. As a result of ConocoPhillips's failure to pay overtime to the Alaska Class, ConocoPhillips violated the AWHA.

72. The Alaska Class is entitled to recover their unpaid overtime based on ConocoPhillips's failure to pay 1 and ½ time their regular rates of pay for work performed in excess of 8 hours in a day and/or 40 hours in a week, an amount equal to these underpayments as liquidated damages, and such other legal and equitable relief resulting from ConocoPhillips's violations of the AWHA as the Court deems just and proper.

73. The Alaska Class also seeks recovery of attorneys' fees and costs of this action to be paid by ConocoPhillips, as provided by the AWHA.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

74. Krempasky incorporates all previous paragraphs and alleges that the illegal pay practices ConocoPhillips imposed on them were likewise imposed on the Putative Class Members.

75. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and the AWHA.

76. Numerous other individuals who worked with Krempasky were improperly classified as contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

77. Based on his experiences and tenure with ConocoPhillips, Krempasky is aware that ConocoPhillips's illegal practices were imposed on the Putative Class Members.

78. ConocoPhillips used the Putative Class Members across the United States.

79. Krempasky and the Putative Class Members were all improperly denied overtime compensation when they worked in excess of forty 40 hours per week.

80. ConocoPhillips is the true employer of Krempasky and the Putative Class Members.

81. ConocoPhillips's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

82. Krempasky's experiences are therefore typical of the experiences of the Putative Class Members.

83. The specific job titles or precise job locations of the various Putative Class Members do not prevent collective treatment.

84. Krempasky has no interests contrary to, or in conflict with, the Putative Class Members. Like each member, Krempasky has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

85. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

86. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and ConocoPhillips will reap the unjust benefits of violating the FLSA and AWHA.

87. Furthermore, even if some of the members of the class pursued individual litigation against ConocoPhillips, it would be unduly burdensome to the judicial system.

88. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual Putative Class Members and provide for judicial consistency.

89. The questions of law and fact common to each of the members of the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   (a) Whether ConocoPhillips employed Krempasky and the Putative Class Members within the meaning of the FLSA and/or the AWHA;

   (b) Whether ConocoPhillips's decision to not pay time and a half for overtime to Krempasky and the Putative Class Members was made in good faith;

   (c) Whether ConocoPhillips's violations of the FLSA and/or the AWHA was willful; and

   (d) Whether ConocoPhillips's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

90. Krempasky's claims are typical of the claims of the Putative Class Members. Krempasky and the Putative Class Members sustained damages arising out of ConocoPhillips's illegal and uniform employment policy.

91. Krempasky knows of no difficulty that will be encountered in the management of this litigation that would preclude their ability to go forward as a collective action.

92. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

93. Krempasky demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Krempasky prays for judgment against ConocoPhillips as follows:

(a) For an order allowing this action to proceed as a FLSA collective action and directing notice to the Putative Class Members;

(b) For an order allowing this action to proceed as a AWHA class action and directing notice to the Putative Class Members;

(c) For an order pursuant to section 16(b) of the FLSA finding ConocoPhillips liable for unpaid back wages, and an equal amount of liquidated damages, due to Krempasky and the Putative Class Members;

(d) For an order awarding Krempasky and the Putative Class Members the costs of this action;

(e) For an order awarding Krempasky and the Putative Class Members their attorneys' fees;

(f) For an order awarding Krempasky and the Putative Class Members unpaid benefits and compensation in connection with the FLSA and AWHA violations;

(g) For an order awarding Krempasky and the Putative Class Members pre- and post-judgment interest at the highest rates allowed by law; and

(h) For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Taylor Montgomery**
Texas Bar No. 24106326
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tmontgomery@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**